51   41
143  468

# The Pittsburgh and Birmingham Passenger Railroad Company *versus* The Burgess and Town Council of the Borough of Birmingham.

By the charter of a passenger railroad company, it was not to occupy any of the streets of Pittsburgh or the boroughs through which it was to be constructed without the consent of the councils of said cities and boroughs, and was required to keep so much of the streets as it should use in perpetual good repair. The borough of Birmingham, in the ordinance giving consent to lay the road, required that Carson street, in which the road was laid, should be kept "in perpetual good order and repair from curb to curb its whole length." *Held,* that under the charter and ordinance, the railroad company was bound to keep the street cleansed from the dirt and filth necessarily or casually accumulating thereon from its ordinary use as a public thoroughfare.

Error to the Court of Common Pleas of *Allegheny county.*

This case came before the court below, on the following case stated :—

By an Act of Assembly, entitled "An act to incorporate the Pittsburgh Birmingham Passenger Railroad Company," approved 13th April 1859, said company is authorized to construct a railway, *inter alia,* along Carson street, in the borough of Birmingham." The 8th section of said act provides :

"That the said railway company shall not be permitted to use and occupy any of the streets of the said city of Pittsburgh, or streets of said boroughs, for the purposes of their railway, until the consent of the councils of said city and boroughs is first thereto had, by ordinance duly passed; nor shall the said company at any time alter or change the grade or line of any street, without the consent of the councils aforesaid first had and obtained; and the said company shall keep so much of the streets of the said city and boroughs as may be used and occupied by them, in perpetual good repair, at the proper expense and charge of the said company."

· [Passenger Railroad Co. *v.* Birmingham.]

On the 19th day of August, 1859, the borough of Birmingham passed an ordinance giving its consent to the occupancy of said Carson street by said company, upon certain terms therein contained, *inter alia* :—

" Section 3. Said Pittsburgh and Birmingham Passenger Railroad Company, in addition to the other requirements of the charter, shall keep Carson street in perpetual good order and repair from curb to curb its whole length, from the time of the acceptance of this ordinance."

The, company accepted the terms of said ordinance.

Carson street is, and was at the time of the passage of said act · and ordinance, paved with boulders from curb to curb.

. The company having constructed its railway upon said street, and run its cars thereon, and admitting its obligation to keep in perpetual good order and repair the paving or permanent proper roadway of said street, but denying any obligation to cleanse it from the dirt habitually accumulating thereon by its use as a public thoroughfare, declined to have such cleaning done ; whereupon the said borough had said street scraped and cleaned, and claim to be reimbursed the expense incurred in that behalf, amounting to $125.

Should the court, under the above statement of facts, be of opinion that said company is legally bound to have Carson street cleansed from the dirt and filth necessarily or casually accumulating thereon from its ordinary use as a public thoroughfare, then judgment to be entered for the plaintiff for $125 and costs ; but if the contrary, then judgment to be entered for defendant for costs : each party reserving the right to sue out a writ of error.

The court entered judgment in favour of the plaintiff for $125.

The defendant took this writ of error, and assigned errors as follows :—

1. The court erred in entering judgment for the plaintiffs upon the case stated.

2. The court erred in not entering judgment for the defendant upon the case stated.

*Hamilton* and *Acheson*, for plaintiff in error.—The legislature and the borough of Birmingham did not design to impose on the company the duty of scraping and cleansing such streets from the dirt accumulating from *their ordinary use as public thoroughfares*.

*R. B. Carnahan*, for defendants in error.

The opinion of the court was delivered, October 30th 1865, by

READ, J.—The duties of the defendants below arise not only from the Act of Assembly, but also from their contract with the plaintiffs, the borough authorities, without whose consent they could not have used and occupied Carson street. The charter

[Passenger Railroad Co. *v.* Birmingham.]

required them to keep the streets in perpetual good repair. The borough ordinance, which contained the terms and conditions of their contract, enacted that "said Pittsburgh and Birmingham Passenger Railroad Company, in addition to the other requirements of the charter, shall keep Carson street in perpetual good order and repair from curb to curb its whole length, from the time of the acceptance of this ordinance."

Carson street is given to the plaintiffs to lay their track upon—graded, curbed, and paved with boulders. It is the principal street and thoroughfare of the borough, with a paved roadway of only thirty-two feet from curb to curb, of which the cars in moving occupy about eight feet in the centre, leaving only twelve feet on each side, including the gutters, for ordinary vehicles. It is clear, therefore, under any fair construction the duty of cleansing the street, that is, keeping all in good order, devolved upon the railroad company, and not upon the municipal corporation.

Judgment affirmed.